1  Mary McNamara, SBN 147131
   mary@smllp.law
2  Britt Evangelist, SBN 260457
   britt@smllp.law
3  SWANSON & McNAMARA LLP
   300 Montgomery Street, Suite 1100
4  San Francisco, California 94104
   Telephone: (415) 477-3800
5  Facsimile: (415) 477-9010
6
7  Attorneys for Defendant IGNACIO CRUZ

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA,              No.    CR 14-120 EMC

14                         Plaintiff,      **28 U.S.C. § 2255 MOTION TO VACATE
                                           AND CORRECT CONVICTION AND**
15                                         **SENTENCE**
16                vs.

17  IGNACIO CRUZ,

18                         Defendant.

19

20

21  / / /

22

23

24  / / /

25

26

27  / / /

28

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   RELEVANT BACKGROUND ............................................................................. 1

III.   ARGUMENT ....................................................................................................... 2

A.   **Cruz's RICO conspiracy (Count One) conviction qualifies as a crime of violence only under the now unconstitutional residual clause** ....................................................... 2

B.   **Cruz's VICAR conspiracy conviction (Count 3) qualifies as a crime of violence only under the now-unconstitutional residual clause** ............................................. 5

C.   **Cruz's attempted murder convictions (Counts 12 through 15) are not crimes of violence** ............................................................................................................................ 8

1.   Murder is not a crime of violence ................................................................ 8

2.   Attempted murder is not a crime of violence ............................................. 10

D.   **The rule announced in *Davis* applies retroactively on collateral review.** ................... 11

E.   **Cruz's claim is cognizable under section 2255(a).** ........................................................ 13

F.   **This motion is timely under 28 U.S.C. § 2255(f)(3).** ................................................... 13

G.   **The collateral-attack waiver in Cruz's plea agreement is unenforceable.** ................. 14

**FEDERAL CASES**

*Chrzanoski v. Ashcroft*, 327 F.3d 188 (2d Cir. 2003) ........................................................ 11

*Danforth v. Minnesota*, 552 U.S. 264 (2008) ..................................................................... 14

*In re Franklin*, ___F.3d___, No. 19-6093, 2020 WL 1023313 (6th Cir. Mar. 3, 2020)............... 15

*In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019) .............................................................. 15

*Johnson v. United States*, 559 U.S. 133 (2010) ....................................................... 5, 9, 11, 15

*Leocal v. Ashcroft*, 543 U.S. 1 (2004)................................................................................. 5

*McQuiggin v. Perkins*, 569 U.S. 383 (2013)..................................................................... 18

*Saffle v. Parks*, 494 U.S. 484 (1990).................................................................................. 14

*Salinas v. United States,* 522 U.S. 52 (1997)...................................................................... 6

*Schriro v. Summerlin*, 542 U.S. 348 (2004)................................................................. 14, 15

*Teague v. Lane*, 489 U.S. 288 (1989) .............................................................................. 14

*United States v. Adams*, 814 F.3d 178  (4th Cir. 2016) .................................................... 18

*United States v. Baza-Martinez*, 464 F.3d 1010 (9th Cir. 2006) ...................................... 4

*United States v. Bibler*, 495 F.3d 621 (9th Cir. 2007) ............................................... 17, 18

*United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019) .......................................... 14, 18

*United States v. Davis*, 139 S. Ct. 2319 (2019) ....................................................... passim

*United States v. Davis*, 785 F. App'x 358 (9th Cir. 2019)........................................ passim

*United States v. Desena*, 287 F.3d 170 (2d Cir. 2002) ..................................................... 7

*United States v. Diaz*, 176 F.3d 52 (2d Cir. 1999).......................................................... 9

*United States v. Doe*, 49 F.3d 859 (2d Cir. 1995)........................................................... 4

*United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020)..................................... 10, 12

*United States v. Fernandez*, 388 F.3d 1199 (9th Cir. 2004) ........................................... 9

*United States v. Fowler*, 794 F.2d 1446 (9th Cir. 1986).................................................. 17

*United States v. Gomez-Leon*, 545 F.3d 777 (9th Cir. 2008)........................................... 12

*United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009)............................................. 4, 5

*United States v. Jones*, 935 F.3d 266 (5th Cir. 2019) ................................................... 3, 6

*United States v. Juvenile Male*, 118 F.3d 1344 (9th Cir. 1997)....................................... 3

ii

**Defendant Ignacio Cruz's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255**
*United States v. Alvarez, et al,* CR 14-120 EMC

*United States v. Lopez-Solis*, 447 F.3d 1201 (9th Cir. 2006)............................................................ 5

*United States v. Loveland*, 825 F.3d 555 (9th Cir. 2016) ............................................................... 6

*United States v. Moe*, 781 F.3d 1120 (9th Cir.) ............................................................................ 10

*United States v. Orena*, 32 F.3d 704 (2d Cir. 1994) ..................................................................... 9

*United States v. Scott*, 642 F.3d 791 (9th Cir. 2011) .................................................................... 3

*United States v. Torres*, 828 F.3d 1113 (9th Cir. 2016)............................................................... 18

*United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) .................................................... 5

*United States v. Watson*, 881 F.3d 782  (9th Cir.) ......................................................................... 6

*United States v. White*, 571 F.3d 365 (4th Cir. 2009)................................................................... 10

*United States v. Wilcox*, 640 F.2d 970 (9th Cir. 1981) ................................................................ 16

*Welch v. United States*, 136 S. Ct. 1257 (2016)............................................................................ 15

*Whorton v. Bockting*, 549 U.S. 406 (2007) .................................................................................... 14

**STATE CASES**

*People v. Dixie*, 98 Cal.App.3d 852 (Ct. App. 1979) ..................................................................... 9

*People v. Robinson*, 43 Cal. 2d 132 (1954) .................................................................................... 6

*People v. Russo*, 25 Cal. 4th 1124 (2001)....................................................................................... 7

*People v. Superior Court*, 41 Cal. 4th 1 (2007) ........................................................................ 7, 10

*People v. Swain*, 12 Cal. 4th 593 (1996)......................................................................................... 6

*People v. Zamora*, 18 Cal. 3d 538 (1976) ....................................................................................... 6

**STATUTES**

18 U.S.C. § 1959(a)(6)...................................................................................................................... 1

18 U.S.C. § 1962(d) .......................................................................................................................... 1

18 U.S.C. § 924(c) ................................................................................................................... passim

28 U.S.C. § 2255 ..................................................................................................................... passim

Cal. Penal Code § 21(a) .................................................................................................................. 10

Cal. Penal Code § 187...................................................................................................................... 8

**Defendant Ignacio Cruz's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255**
*United States v. Alvarez, et al,* CR 14-120 EMC

Cal. Penal Code § 188 .................................................................................................. 9

## RULES

CALCRIM 415 ............................................................................................................ 6

CALCRIM 520 ............................................................................................................ 9

CALCRIM 600 ........................................................................................................... 10

## I.    INTRODUCTION

Defendant Ignacio Cruz respectfully moves the Court to vacate and correct his sentence under 28 U.S.C. § 2255.  On July 21, 2015, the Court imposed an aggregate 222-month sentence on Cruz for one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), one count to conspiracy to commit assault with a deadly weapon, in violation of 18 U.S.C. § 1959(a)(6), four counts of attempted murder, in violation of 18 U.S.C. § 1959(a)(2), and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The Court specifically imposed a 120-month mandatory consecutive sentence on the section 924(c) offense, which was based on underlying predicate conspiracy and attempted murder offenses.  Under the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), none of the predicate offenses – various forms of conspiracy and attempted murder under California law – qualify as "crimes of violence" that can support a section 924(c) conviction. Accordingly, Cruz's section 924(c) conviction and 120-month sentence violate due process of law.  Cruz respectfully asks the Court to grant this motion to vacate his unlawful section 924(c) conviction and sentence, and to correct his sentence.

## II.   RELEVANT BACKGROUND

On November 15, 2014, the superseding indictment charged Cruz with six offenses: RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 2); conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count 3); attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(2) (Count 12 through Count 15); and use or possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 16).  Dkt. 241.  As to Count 16, the section 924(c) charge, the indictment charged that Cruz and his codefendant used a firearm in furtherance of the eight other offenses charged against Cruz, all of which the indictment alleged were crimes of violence. *Id*. at 16.

1

**Defendant Ignacio Cruz's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255**
*United States v. Alvarez, et al*, CR 14-120 EMC

On April 27, 2015, under the terms of a Rule 11(c)(1)(C) plea agreement, Cruz agreed to plead guilty to Counts 1, 3, 12 through 15, and 16, and the government agreed to move to dismiss the other pending counts at sentencing.  Dkt. 406, 417.  As to Count 16, the section 924(c) charge, the factual basis stated in the plea agreement for this charge rested on the two conspiracy counts (Count 1 and Count 3) and the four attempted murder counts (Counts 12 through  15).  Dkt. 406, ¶ 2(k)(1).  The plea agreement also contained a collateral-attack waiver. (*Id.* ¶ 5.)

On August 4, 2016, the Court sentenced Cruz, imposing a total sentence of 222 months, specifically imposing a sentence of 36 months on Count 3, 102 months on each of counts One, and 12 through 115, all to run concurrently, and imposing a mandatory consecutive sentence of 120 months on Count 16, the section 924(c) charge.  Dkt. 510.  Cruz did not file a direct appeal.

## III.   ARGUMENT

Under 28 U.S.C. § 2255(a), a defendant is entitled to a resentencing when his original conviction or sentence were imposed "in violation of the Constitution or laws of the United States," or in "in excess of the maximum authorized by law."  Cruz is entitled to relief on all these grounds because under *United States v. Davis*, 139 S. Ct. 2319 (2019), his section 924(c) conviction and sentence are illegal and unconstitutional

### A.    Cruz's RICO conspiracy (Count One) conviction qualifies as a crime of violence only under the now unconstitutional residual clause

At least two courts of appeals have vacated section 924(c) convictions where the underlying predicate offense was RICO conspiracy since the *Davis* decision issued.  First, the Ninth Circuit vacated a defendant's section 924(c) conviction when the predicate offense was RICO conspiracy.  *See United States v. Davis*, 785 F. App'x 358, 360 & n.2 (9th Cir. 2019) ("Here, [the defendant] was convicted of violating § 924(c) for possessing or carrying a firearm in furtherance of a 'crime of violence'—namely, a RICO conspiracy.  There is no real dispute that [the defendant]'s § 924(c) conviction depended upon the statute's now-unconstitutional

residual clause.  We accordingly vacate his conviction and remand for full resentencing.").

Second, in another case before the Fifth Circuit, the government conceded that RICO conspiracy

does not qualify as a crime of violence that can support a section 924(c) conviction after *Davis*.

*See United States v. Jones*, 935 F.3d 266, 269-70 (5th Cir. 2019).  The Fifth Circuit agreed with

the parties and, like the Ninth Circuit, vacated the defendants' section 924(c) convictions

because RICO conspiracy was not a crime of violence after *Davis*.  *See id.* 274.

      The reason why the Ninth and Fifth Circuits so held is clear.  Prior to *Davis*, the Ninth

Circuit had long held that RICO conspiracy was a crime of violence under the residual clause

whenever the predicate racketeering activity the defendant agreed was committed was itself a

crime of violence.  *E.g., United States v. Scott*, 642 F.3d 791, 801 (9th Cir. 2011) (citing to

*United States v. Juvenile Male*, 118 F.3d 1344, 1350 (9th Cir. 1997), and affirming district

court's conduct in "look[ing] behind the RICO [conspiracy] conviction and consider[ing] the

underlying predicate offenses in determining whether [the defendant's RICO conspiracy] offense

qualified as a crime of violence"); *United States v. Doe*, 49 F.3d 859, 866 (2d Cir. 1995)

(concluding that RICO conspiracy to commit robbery is a crime of violence because "the nature

of the conspiracy's substantive objective . . . provide[s] an indication as to whether the

conspiracy creates the substantial risk that physical force against the person or property of

another may be used in the offense").  But, after *Davis*, RICO conspiracy cannot qualify a crime

of violence under the residual clause, and therefore Cruz's predicate conviction for RICO

conspiracy cannot support his section 924(c) conviction and sentence.  *See Davis*, 139 S. Ct. at

2336.

      Nor does Cruz's RICO conspiracy qualify as a crime of violence under the still-

constitutional elements clause, i.e., section 924(c)(3)(A), because his conviction for RICO

conspiracy does not have "as an element the use, attempted use, or threatened use of physical

force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  To determine

whether a predicate offense qualifies as a "crime of violence" under section 924(c), this Court

**Defendant Ignacio Cruz's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255**
*United States v. Alvarez, et al*, CR 14-120 EMC

must use the categorical approach, focusing only on the elements of the offense, not the defendant's actual conduct.  *See Davis*, 139 S. Ct. at 2329-32.  Determination of whether a criminal offense is categorically a crime of violence is done by "assessing whether the 'full range of conduct covered by [the statute] falls within the meaning of that term.'"  *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009) (citation omitted).  To do this, courts must look "at the least egregious end of [the. . . statute's] range of conduct."  *United States v. Baza-Martinez*, 464 F.3d 1010, 1014 (9th Cir. 2006) (quoting *United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006)).  In other words, under the categorical approach, a prior offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute, "including the most innocent conduct," matches or is narrower than the "crime of violence" definition.  *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).  If the statute punishes some conduct that would qualify as a crime of violence and some conduct that would not, it does not categorically constitute a crime of violence.  *Grajeda*, 581 F.3d at 1189.

To be a categorical match to the terms of the elements clause in section 924(c), a predicate offense must require, among other things, proof of violent, physical force.  "Physical force" has the meaning given to it by the Supreme Court's 2004 decision in *Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004), and its 2010 decision in *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Curtis Johnson*").  In *Leocal*, the Supreme Court held that the phrase "physical force" requires a "violent, active crime[]."  543 U.S. at 11.  The *Curtis Johnson* Court expanded on that definition, holding that the phrase "physical force" in the Armed Career Criminal Act's ("ACCA's") almost-identical elements clause defining "violent felony" means "*violent* force—that is, force capable of causing physical pain or injury to another person."  *Curtis Johnson*, 559 U.S. at 140.  The Ninth Circuit has subsequently applied *Curtis Johnson*'s rule in the context of section 924(c).  *See, e.g., United States v. Watson*, 881 F.3d 782, 784 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018).

4

**Defendant Ignacio Cruz's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255**
*United States v. Alvarez, et al*, CR 14-120 EMC

Cruz's RICO conspiracy conviction is not categorically a crime of violence under the elements clause because RICO conspiracy does not have as an element the use, threatened use, or attempted use of any force.  In a RICO *conspiracy* prosecution, however, the government must prove only that a defendant "knew about and agreed to facilitate the scheme" of racketeering activity.  *Salinas v. United States,* 522 U.S. 52, 66 (1997).  "There is no requirement of some overt act or specific act" in a RICO conspiracy case.  *Id*. at 63.  Because the RICO conspiracy statute only requires a showing that the defendant agreed to violate the RICO statute, and does not require the government to demonstrate that the defendant or anyone else involved in the conspiracy committed an overt act in furtherance of the conspiracy *or took any action at all*, it does not have as an element the use, attempted use, or threatened use of force, let alone the use, attempted use, or threatened use of violent, physical force.  *See id.*; *see also United States v. Loveland*, 825 F.3d 555, 557 (9th Cir. 2016) ("Conspiracy means an agreement to commit a crime, not commission of the crime.").  For that reason, RICO conspiracy cannot be a crime of violence under the elements clause, as the Ninth and Fifth Circuits have already held.  *See Davis*, 785 F. App'x at 360 & n.2; *Jones*, 935 F.3d at 269-70.

## B.  Cruz's VICAR conspiracy conviction (Count 3) qualifies as a crime of violence only under the now-unconstitutional residual clause

Much like RICO conspiracy, the VICAR conspiracy as charged in Count 3, also no longer qualifies as a crime of violence after *Davis*.  Specifically, the VICAR conspiracy charged in Count 3 is conspiracy to commit assault with a dangerous weapon, in violation of California Penal Code § 245(a)(1).  Dkt. 241 at 9.

VICAR conspiracy cannot qualify as a crime of violence under the elements clause because, as a conspiracy offense, it does not have as an element the use, threatened use, or attempted use of violent physical force, whether it is a murder conspiracy or an assault conspiracy.

Whether state or federal law governs the elements of a VICAR *conspiracy* to violate a state statute is an open question. *See, e.g., United States v. Desena*, 287 F.3d 170, 177 n.1 (2d Cir. 2002) ("Although the government may rely on either state or federal law to establish a predicate *substantive crime*, it is unclear whether § 1959 imports state law of attempt and conspiracy or whether federal law governs."). But whether the elements of California or federal conspiracy control is of no moment since under either set of elements, conspiracy to commit assault with a dangerous weapon cannot qualify as a crime of violence under the elements clause because conspiracy—California or federal—does not require proof of any use, threatened use, or attempted use of violent physical force.

In prosecutions for criminal conspiracy under *California* law, juries are instructed that in order to find a defendant is guilty, the prosecution must prove (1) the defendant intended to agree and did agree with another person to commit a crime; (2) at the time of the agreement, the defendant and one or more of the other alleged members of the conspiracy intended that one or more of them would commit the crime; (3) the defendant or one or more of the other alleged members of the conspiracy committed at least one overt act to accomplish the crime; and (4) the overt act was committed in California. CALCRIM No. 415 (conspiracy jury instruction); *see also People v. Swain*, 12 Cal. 4th 593, 600 (1996) (outlining elements of California conspiracy); None of these elements requires violent force, or any force at all.

The only element that even requires any action beyond "agreement" and "intent" is the overt-act requirement. In California, however, overt acts need not be forceful or violent. "[O]vert acts need not be in themselves criminal in nature so long as they are done in pursuance of the conspiracy. Nor is it necessary that the purpose of the conspiracy be fully accomplished." *People v. Robinson*, 43 Cal. 2d 132, 139-40 (1954) (internal citations omitted). Instead, an overt act is merely "an outward act done in pursuance of the crime and in manifestation of an intent or design, looking toward the accomplishment of the crime." *People v. Zamora*, 18 Cal. 3d 538, 549 n.8 (1976). Thus, a defendant facing a conspiracy-to-commit-assault charge could be

convicted of that crime after he or she, or any co-conspirator, took such nonviolent, non-forceful conduct as meeting with other co-conspirators; attempting to recruit more co-conspirators; withdrawing money in order to give it to a co-conspirator; giving money to a co-conspirator; obtaining a weapon, supplies, or getaway vehicle; conducting surveillance; or driving to the place where the co-conspirators plan to commit the murder or assault. *See*, *e.g.*, *People v. Russo*, 25 Cal.4th 1124, 1130 (2001) (affirming conspiracy-to-commit-murder conviction of a defendant where indictment charged only non-violent, non-threatening acts such as discussing the plan with a co-conspirator and obtaining a handgun); *United States v. Fernandez*, 388 F.3d 1199, 1225 (9th Cir. 2004) (affirming RICO conspiracy conviction based on predicate act of California conspiracy to commit murder where overt act committed by coconspirator was "follow[ing] Turscak's wife home on the freeway in order to determine where the Turscaks lived").

While such actions no doubt raise the risk that someone will use force—sufficient to have supported a finding that conspiracy was a predicate offense under the residual clause—they do not have, as an element, the use, threatened use, or attempted use of physical force. *See Curtis Johnson*, 559 U.S. at 140 ("[V]iolent force [is] force capable of causing physical pain or injury to another person."). Indeed, as noted above, this is precisely why federal courts have consistently held that conspiracy to commit a violent offense qualifies as a crime of violence only under the residual clause. *See, e.g., Mendez*, 992 F.2d at 1492 ("[C]onspiracy to commit a crime of violence is a 'crime of violence' under the substantial risk definition of § 924(c)(3)(B) or its equivalent."). But because a defendant need not use or attempt to use any force, let alone violent force, in order to be guilty of VICAR conspiracy to commit assault under California law, such a conviction does not qualify as a crime of violence under the elements clause.

Further, under *federal* conspiracy law, the government is not even required to prove an overt act in the VICAR context. *See United States v. Diaz*, 176 F.3d 52, 96 (2d Cir. 1999); *United States v. Orena*, 32 F.3d 704, 714 (2d Cir. 1994). Thus, under federal conspiracy law, the

only elements of a murder conspiracy are (1) an agreement to engage in criminal activity, and (2) the requisite intent to commit the substantive crime. *See, e.g., United States v. Moe*, 781 F.3d 1120, 1124 (9th Cir.), *cert. denied*, 136 S. Ct. 342 (2015). But, as noted above, neither agreeing to commit a crime nor possessing the requisite intent to commit the underlying crime entails the use, threatened use, or attempted use of violent physical force. *See, United States v. White*, 571 F.3d 365, 368-69 (4th Cir. 2009) (holding that North Carolina conspiracy statute, which lacks an overt act element, does not satisfy the force clause of the ACCA because it does not have as an element the use, attempted use, or threatened use of force), *abrogated on other grounds by Johnson II*, 135 S. Ct. 2551 (2015). Thus, federal conspiracy, like California conspiracy, cannot qualify as a crime of violence under the elements clause because it does not require any violent force.

**C.      Cruz's attempted murder convictions (Counts 12 through 15) are not crimes of violence**

In its recent decision in *United States v. Dominguez*, 954 F.3d 1251, 1261-62 (9th Cir. 2020), the Ninth Circuit held that where the completed crime qualifies as a crime of violence, an attempt at that crime will also so qualify. Cruz's attempted murder conviction is not per se a crime of violence under this precedent, because murder, as defined by California Penal Code § 187 and interpreting case law, can be accomplished without the use of force and without intentional *mens rea*. Attempted murder is also not a crime of violence because it can be accomplished through and agreement and a non-forceful, non-violent, and non-threatening substantial step.

                  1.      <u>Murder is not a crime of violence</u>

Murder under California Penal Code § 187 is not a crime of violence for two distinct reasons.

First, California murder is not a categorical crime of violence because it does not require the use of force at all. Under California law, murder may be committed by any number of non-

8

**Defendant Ignacio Cruz's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255**
*United States v. Alvarez, et al*, CR 14-120 EMC

violent means, such as by withholding food. *See*, *e.g.*, *People v. Dixie*, 98 Cal.App.3d 852, 856 (Ct. App. 1979) ("For example, one could commit a murder by withholding food and drink from an invalid."); CALCRIM 520 (instructions providing that jury can convict of murder where the defendant had a duty to act to prevent the death but failed to do so).  Likewise, California murder is not a categorical match under the force clause because it does not necessarily require the use of *violent* physical force as required by *Curtis Johnson*.  *See* 559 U.S. at 140 (holding that to qualify as a crime of violence under the force clause, the offense must require "*violent* force— that is, force capable of causing physical pain or injury to another person.").[1]

Second, California murder may be committed without the requisite intentional mens rea necessary to satisfy the force clause.  Specifically, a defendant who recklessly kills another person violates Penal Code § 187.  *See, e.g.,* Cal. Penal Code § 188 (malice aforethought "may be express or implied"); *People v. Scott*, 14 Cal. 4th 544, 554 (1996) ("Malice aforethought may be express—consisting of the unlawful intent to kill—or implied—comprising any other mental state that may tolerably be identified as recklessness."); CALCRIM 520 (defining implied malice).  The Ninth Circuit has repeatedly held that to qualify as a crime of violence under the force clause, the predicate offense must require an intentional *mens rea*.  *See, e.g., Fernandez-Ruiz*, 466 F.3d at 1132 (holding that to qualify as a crime of violence under § 16(a), "an offense must involve the intentional use of force against the person or property of another" and that "offenses committed through the reckless, or grossly negligent, use of force" may not qualify as

---

[1] The mere fact that the victim necessarily suffers physical injury does not mean that an offense requires as an element the use of violent physical force. *See, e.g., United States v. Villegas-Hernandez*, 468 F.3d 874, 879 (5th Cir. 2006) (holding that Texas assault statute, which merely prohibited causing a bodily injury, did not qualify as a crime of violence under the force clause because "[s]uch injury could result from any of a number of acts, without use of 'destructive or violent force,' [such as] making available to the victim a poisoned drink while reassuring him the drink is safe, or telling the victim he can safely back his car out while knowing an approaching car driven by an independently acting third party will hit the victim"); *Chrzanoski v. Ashcroft*, 327 F.3d 188, 196 (2d Cir. 2003) ("Moreover, human experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient.").

crimes of violence); *see also United States v. Gomez-Leon*, 545 F.3d 777, 787 (9th Cir. 2008) (holding that to qualify as a crime of violence under the force clause, "the underlying offense must require proof of an *intentional* use of force"). Because recklessness is not a sufficient mens rea to satisfy the force clause, and California murder thus does not qualify as a crime of violence under section 924(c).

Accordingly, because California murder does not necessarily require an intentional mens rea or the use of violent physical force, it is not categorically a crime of violence. It follows that Cruz's attempted murder convictions are not per se crimes of violence under the holding in *Dominguez*.

2.      Attempted murder is not a crime of violence

Section 924(c)(3)(A) requires the qualifying crime to have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Attempted murder has no such element. Under California law, one is guilty of attempted murder if (1) he had the intent to kill, and (2) he "took at least one direct but ineffective step toward killing[.]"  CALCRIM 600 (jury instructions for attempted murder); Cal. Penal Code § 21(a). To constitute a "direct but ineffectual" step, the defendant's actions must go beyond mere preparation, but they "need not be the last proximate or ultimate step toward commission of the crime or crimes." *People v. Superior Court (Decker)*, 41 Cal.4th 1, 8 (2007). And while the substantial step must strongly corroborate the defendant's intent, it need not include the actual use of force, violence, or intimidation. *Id*. at 8-14 (2007) (holding defendant should have been held to answer for attempted murder where defendant secured an agreement with an undercover agent to murder his sister, provided the agent with information necessary to commit the crime and paid the agent $5,000 to commit the murder).

As set forth above, a conviction qualifies as a crime of violence only if all of the criminal conduct covered by a statute, "including the most innocent conduct," matches or is narrower than the "crime of violence" definition. *Torres-Miguel*, 701 F.3d at 167; *Baza-Martinez*, 464 F.3d at

10

**Defendant Ignacio Cruz's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255**
*United States v. Alvarez, et al*, CR 14-120 EMC

1014 (to determine if prior qualifies as a crime of violence, courts must look "at the least egregious end of [the. . . statute's] range of conduct" (quoting *United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006)). Here, the "direct but ineffectual" step requirement of California's attempted murder crime can be committed without "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Attempted murder under California law is not a categorical crime of violence.[2]

### D. The rule announced in *Davis* applies retroactively on collateral review.

A Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" constitutional rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). If a new constitutional rule is substantive, it must be applied retroactively to all cases on collateral review. *See Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive or watershed rules of criminal procedure] must be applied in . . . all federal habeas corpus proceedings."); *Teague v. Lane*, 489 U.S. 288, 316 (1989) (plurality op.) (holding that new rules must "be applied retroactively to *all* defendants on collateral review through one of the two exceptions we have articulated"). The rule announced in *Davis* was both "new" and "substantive."

Under the *Teague* framework, a rule is "new" if it "was not *dictated* by precedent existing at the time the defendant's conviction became final." *Whorton v. Bockting*, 549 U.S. 406, 416

---

[2] Should the Court determine that murder is a crime of violence, undersigned counsel recognizes that *Dominguez* dictates that attempted murder is also a crime of violence. However, *Dominguez* cannot be squared with other Ninth Circuit precedent and the Supreme Court's precedent regarding the modified categorical approach that must be applied in these cases. *See Dominguez*, 954 F.3d at 1262-63 (Nguyen, J., dissenting) ("a crime is categorically a crime of violence only '[i]f the least of the acts criminalized by [that crime] would be a crime of violence" and because the "direct but ineffectual" step requirement of attempted murder can be "can be committed without the actual use, attempted use, or threatened use of physical force . . . it plainly does not fit the definition of a crime of violence under the elements clause.") (citations omitted). Regardless of whether the Court finds California murder to be a crime of violence, attempted murder is not, because it can be accomplished through an agreement and a non-forceful, non-violent, and non-threatening substantial step.

11

**Defendant Ignacio Cruz's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255**
*United States v. Alvarez, et al*, CR 14-120 EMC

(2007) (quoting *Saffle v. Parks*, 494 U.S. 484, 488 (1990)).  Here, *Davis*'s rule that the residual clause of section 924(c)(3)(B) is unconstitutionally vague was not dictated by precedent that existed when Cruz's conviction became final in 2015.  Indeed, all four circuits to have considered the issue have ruled that *Davis* is a new rule that applies retroactively on collateral review.  *See United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019) ("We first conclude that the Supreme Court's ruling in *Davis* that § 924(c)(3)'s residual clause is void for vagueness is a new constitutional rule that is retroactive on collateral review."); *see also In re Franklin*, ___F.3d___, No. 19-6093, 2020 WL 1023313, at *1 (6th Cir. Mar. 3, 2020) (same); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) (same); *In re Hammoud*, 931 F.3d 1032, 1038-39 (11th Cir. 2019) (same).

Likewise, *Davis* also announced a "substantive" rule that applies retroactively on collateral review.  Substantive rules include rules that "narrow the scope of a criminal statute by interpreting its terms," *Schriro*, 542 U.S. at 351-52, or "alter[ ] the range of conduct or the class of persons that the law punishes," *id.* at 353.  Here, the Court's ruling in *Davis* narrowed the scope of liability for criminal defendants charged under section 924(c) by no longer allowing convictions based on that statute's residual clause.  *See Davis*, 139 S. Ct. at 2336.  Stated differently, the ruling also altered the range of conduct that section 924(c) punishes.  *See id.*

The Supreme Court's decision in another residual-clause case, *Welch v. United States*, 136 S. Ct. 1257 (2016), confirms that the rule announced in *Davis* applies retroactively on collateral review.  Specifically, in *Welch*, the Supreme Court held that the Supreme Court's ruling in *Samuel Johnson* that the ACCA's residual clause was void for vagueness applied retroactively on collateral review because the rule in *Samuel Johnson* was "substantive."  *Welch*, 136 S. Ct. at 1265 ("By striking down the residual clause as void for vagueness, [*Samuel*] *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" (quoting *Schriro*, 542 U.S. at 353)).

The identical reasoning applies vis-à-vis *Davis's* striking down of the residual clause in

12

section 924(c), which, like *Samuel Johnson*'s striking down of the ACCA's residual clause, changed the substantive reach of section 924(c).

### E.      Cruz's claim is cognizable under section 2255(a).

A petitioner may move to "vacate, set aside or correct" his conviction and sentence under 28 U.S.C. § 2255(a) on the following grounds: "(1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence imposed in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack." *See United States v. Wilcox*, 640 F.2d 970, 972-73 (9th Cir. 1981).[3] If a petitioner's claim is premised on a violation of United States law, on a sentence in excess of the statutory maximum, or on a basis "otherwise subject to collateral attack," the petitioner must also show "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 972-73 (internal citation and quotation marks omitted); *see United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Cruz's claim fits squarely into the first of these categories because his conviction and sentence were "imposed in violation of the Constitution."  28 U.S.C. § 2255(a).  Cruz's 120-month sentence was imposed under section 924(c)'s the residual clause, the residual clause is "unconstitutionally vague," and imposing conviction and sentence under the residual clause violates the Constitution's guarantee of due process.  *See Davis*, 139 S. Ct. at 2336.

### F.      This motion is timely under 28 U.S.C. § 2255(f)(3).

Finally, this motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The Supreme Court decided *Davis* on

---

[3] Although section 2255 has been amended since the *Wilcox* decision, the language at issue for purposes of cognizability remains unchanged.

1  June 24, 2019, and Cruz filed this motion within a year of that date.

2      **G.      The collateral-attack waiver in Cruz's plea agreement is unenforceable.**

3          Cruz anticipates the government may seek to enforce the collateral-attack waiver contained

4  in his plea agreement.[4]  The waiver, however, cannot be enforced here.  Specifically, the Ninth

5  Circuit has announced four situations in which an otherwise-valid collateral-attack waiver may

6  not be enforced: "1) a defendant's guilty plea failed to comply with Fed. R. Crim. P. 11; 2) the

7  sentencing judge informs a defendant that she retains the right to appeal; 3) the sentence does not

8  comport with the terms of the plea agreement; or 4) the sentence violates the law."  *See United*

9  *States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).[5]  Here, Cruz's section 924(c) conviction and

10  sentence fall into the last *Bibler* exception because his sentence and conviction violate the law.

11          For the purposes of determining whether to enforce a collateral-attack waiver, a sentence

12  "violates the law" if it "exceeds the permissible statutory penalty for the crime or violates the

13  Constitution."  *See id.* (citing *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986)).

14  Here, the 120-month sentence exceeds the permissible statutory penalty and is "illegal" because

15  Cruz's predicate convictions were not crimes of violence, so no sentence could be lawfully

16  imposed for that offense.  *See id.*  Further, Cruz was sentenced under section 924(c)(3)(B)'s

17  unconstitutionally vague residual clause, which also rendered his sentence "illegal" under the last

18  *Bibler* exception.  The Ninth Circuit has held exactly this in an appeal raising a constitutional

19  vagueness challenge to a Guidelines sentence.  *See United States v. Torres*, 828 F.3d 1113, 1125

20  (9th Cir. 2016) (accepting government's concession the career-offender guideline's residual

21  clause is unconstitutionally vague; holding that "[t]his renders [the defendant's] sentence

---

[4] Cruz notes that such waivers are not jurisdictional and may be waived by the government.  *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

[5] Although *Bibler* addressed a waiver of the right to file a direct appeal, the Ninth Circuit has consistently cited and relied upon its case law addressing direct-appeal waivers when addressing collateral-attack waivers.  *See, e.g., United States v. Davidson*, 419 F. App'x 783, 784 (9th Cir. 2011) (unpublished mem.); *United States v. Sawyer*, 303 F. App'x 570, 571 (9th Cir. 2008) (unpublished mem.); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

**Defendant Ignacio Cruz's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255**
*United States v. Alvarez, et al,* CR 14-120 EMC

'illegal,' and therefore the waiver in his plea agreement does not bar this appeal") (citing *Bibler*, 495 F.3d at 624).  Accordingly, Cruz's collateral-attack waiver cannot be enforced.

The collateral-attack waiver also cannot be enforced because Cruz is actually innocent of the section 924(c) conviction and sentence.  *See Bowen*, 936 F.3d at 1097 (accepting parties' agreement that § 2255 movant was actually innocent of violating § 924(c) when § 924(c) predicate offense qualified as a crime of violence only under the residual clause).  As the Fourth Circuit has held, if a section 2255 movant is "actually innocent" of the offense of conviction, then courts cannot enforce collateral-attack waivers barring a movant's challenge to his conviction.  *See United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (holding that collateral-attack waiver cannot be enforced if § 2255 movant was actually innocent of the offense of conviction); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A] convincing showing of actual innocence enabled habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims.").

## IV.    CONCLUSION

For the reasons set forth above, Cruz's sentence was "imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.  This Court should therefore grant Cruz's section 2255 motion, vacate his unlawful section 924(c) conviction and sentence, and correct his sentence.

Dated:  June 22, 2020                         Respectfully submitted,


                                        _____
                                               /s/
                                        Mary McNamara
                                        Britt Evangelist
                                        SWANSON & McNAMARA LLP
                                        Attorneys for IGNACIO CRUZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION**

Pursuant to 28 U.S.C. § 2242 and Rule Governing Section 2255 Proceedings 2(b)(5), I declare under penalty of perjury under the laws of the State of California that the facts alleged in this motion are true and correct to the best of my knowledge, and that this declaration was executed on June 22, 2020 in San Francisco, California.


Dated:  June 22, 2020                          Respectfully submitted,

                                               */s/ Mary McNamara*
                                               Mary McNamara

16

**Defendant Ignacio Cruz's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255**
*United States v. Alvarez, et al,* CR 14-120 EMC